```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

Erica Denson,

        Plaintiff,

vs.                                    Case No.  3:06-cv-1004-J-33HTS

HSBC Auto Finance, Inc., a corporation; and Search International, Inc. (named on the complaint as a Cross-Defendant),

        Defendants.
_____/

## **ORDER**

This cause comes before the Court sua sponte. On November 16, 2006, Defendants removed this action from state court. In the notice of removal, the Defendants provided that this Court had jurisdiction pursuant to 28 U.S.C. § 1331. So alleging, the Defendants identified that plaintiff's complaint, along with state claims, included a claim under the Federal Fair Debt Collection Practices Act.

Subsequent to removal, each Defendant filed a motion to dismiss. On May 8, 2007, the Court granted the motions to dismiss with leave to amend. In its order, the Court directed the pro se plaintiff to clarify what claims she intended bring against each defendant. On May 29, 2007, the plaintiff filed an amended complaint. The amended complaint does not contain a claim under the Federal Fair Debt Collection Practices Act. Indeed, the complaint does not include any federal claim.

In <u>Carnegie-Mellon Univ. v. Cohill</u>, the Supreme Court provided that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. 343, 350 (1988). Accordingly, considering that the sole federal claim has been dropped and since the litigation is still in its infancy, the Court remands this matter to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. <u>See</u> 28 U.S.C. § 1367(c); <u>Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.</u>, 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court."); <u>see also</u> <u>Colbert County Comm'n v. Fireman's Fund Ins. Co.</u>, No. CV-04-HS-1178-NW, 2004 U.S. Dist. LEXIS 28985, *16 (N.D. Ala. Sep. 2, 2004)(noting that, after the federal claims are eliminated, a court may remand, rather than dismiss, the remaining state law claims)(citing <u>Long v. Bando Mfg. of America</u>, 201 F.3d 754, 761 (6th Cir. 2000)).

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

The Clerk of the Court is directed to remand this case to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the Clerk of that Court.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 12th day of July, 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
All Counsel and Parties of Record